```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

D&J PLASTICS, INC., and TOWER      *
ROAD FITNESS, INC., individually
and on behalf of all persons       *
and/or entities similarly
situated,                          *

     Plaintiffs,                   *

vs.                                *       CASE NO. 4:09-CV-156 (CDL)

VEOLIA ES SOLID WASTE SOUTHEAST,   *
INC.; VEOLIA ES SOLID WASTE OF
NORTH AMERICA, LLC; and VEOLIA     *
ENVIRONMENTAL SERVICES NORTH
AMERICA CORPORATION,               *

     Defendants.                   *
```

O R D E R

Plaintiffs filed their Complaint in the Superior Court of Muscogee County, Georgia, seeking to represent a class of Defendants' Georgia customers who had entered into waste disposal contracts with Defendants. Plaintiffs allege that some of Defendants' charges made pursuant to the contracts were unauthorized and excessive. Plaintiffs seek to recover those unauthorized and excessive charges, which amount is unspecified in Plaintiffs' Complaint. Defendants removed the action to this Court, contending that jurisdiction is appropriate under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Plaintiffs timely filed a motion to remand (Doc. 13). As

discussed below, Plaintiffs' Motion to Remand is granted, and this action is remanded to the Superior Court of Muscogee County, Georgia.

## DISCUSSION

Under CAFA, federal courts have original jurisdiction over class actions "in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006) (internal quotation marks omitted); *accord Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1208 (11th Cir. 2007). Where, as here, damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Lowery,* 483 F.3d at 1210. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211. The removal statutes are construed narrowly, and where the parties clash about jurisdiction, uncertainties are resolved in favor of remand. *Miedema,* 450 F.3d at 1328-30.

Under 28 U.S.C. § 1446, the defendant must remove within thirty days of receiving the document that provides the basis for removal. 28 U.S.C. § 1446(b). In assessing the propriety of removal under § 1446(b), "the court considers the document received by the defendant from the plaintiff–be it the initial complaint or a later

received paper–and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery,* 483 F.3d at 1213.  In making this assessment, the court

> has before it only the limited universe of evidence available when the motion to remand is filed–i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

*Id.* at 1214-15 (footnotes omitted).  "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  *Id.* at 1215.

Here, it is undisputed that minimal diversity exists.  However, Plaintiffs contend that there is no allegation or evidence that the amount in controversy exceeds $5,000,000.  In support of removal, Defendants submitted the affidavit of one of its employees stating that, from 2004 to 2009, all of Defendants' Georgia locations "recognized revenue of $11,988,251.00 in environmental fees, fuel surcharges, service charges and administration fees."  (Ex. 2 to Defs.' Notice of Removal, Gunnelson Aff. ¶ 6, Dec. 14, 2009.) Therefore, Defendants deduce that the amount in controversy easily exceeds the jurisdictional amount.  The problem with Defendants' argument is that Plaintiffs do not allege that *all* of the fees were unauthorized or excessive.   Plaintiffs seek recovery of an

3

unspecified amount of unauthorized and/or excessive fees. No allegation or evidence has been submitted that sheds any light as to the amount of fees that Plaintiffs maintain are excessive or unauthorized. Thus, even if the Court is permitted to consider the affidavit in determining the amount in controversy, the Court would be required to speculate as to the amount in controversy based upon a review of the pleadings and the affidavit. Under these circumstances, it is clear that Defendants have not carried their burden of establishing, by a preponderance of the evidence, the minimal jurisdictional amount required to support federal jurisdiction. *See Thomas v. Bank of Am. Corp.,* 570 F.3d 1280, 1283 (11th Cir. 2009) (per curiam) (affirming remand of case where plaintiffs sought refund of some, but not all, fees from defendant and defendant's affidavit only reflected total amount of fees). Accordingly, Plaintiffs' Motion to Remand (Doc. 13) is granted, and this action is remanded to the Superior Court of Muscogee County.[1]

IT IS SO ORDERED, this 26th day of March, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] Defendants ask that the Court certify the questions raised in this Order for appeal under 28 U.S.C. § 1292(b). That statute does not apply here. Should Defendants decide to seek review of this Order, they may do so directly under 28 U.S.C. § 1453(c)(1).